# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| In Re: SHAWNI MOSHIRI ) | |
| ) | |
| BROADWAY TIFFANY, LLC ) | |
| and TONY FAHAM, ) | Bankruptcy No.: 14-27900 |
| ) | |
| Adversary Plaintiffs, ) | Adversary Proceeding No.: 14-A-782 |
| ) | |
| v. ) | Judge Jack B. Schmetterer |
| ) | |
| SHAWNI MOSHIRI, ) | |
| ) | |
| Adversary Defendant. ) | |

## ADVERSARY PLAINTIFFS' REPLY MEMORANDUM
## IN SUPPORT OF THEIR MOTION FOR SANCTIONS

The Adversary Defendant's attorney's response confirms that expenses should be imposed on him pursuant to 28 U.S.C. § 1927. The Adversary Defendant's attorney does not controvert that he did not (i) file a proper motion on April 6, 2015 to set aside the order of default which this Court entered on March 26, 2015 or (ii) comply with this Court's order of April 6, 2015 and file an amended motion to vacate and a proposed answer by April 27, 2015. Moreover, he does not contest that even though he advised the Court on May 11, 2015 that his amended motion and answer were completed, he failed to present the amended motion and proposed answer on May 12, 2015 after this Court gave him more time to present these pleadings.

Instead of addressing this inexcusable conduct, the Adversary Defendant's attorney attempts to deflect the blame for his own delay of these proceedings on the Clerk of the Bankruptcy Court in purportedly denying him access to the ECF filing system (Response, p. 1) and the Chief Judge of the United States Bankruptcy Court for the Northern District of

1

Illinois issuing him rules to show cause for filing documents in person as opposed to the ECF systems (Response, p. 2).

The Adversary Defendant's attorney contends that the Adversary Plaintiffs have not set forth any basis for sanctions under 28 U.S.C. § 1927. Relying on (i) a decision rendered by the Seventh Circuit Court of Appeals, which the Seventh Circuit subsequently overruled, and (ii) merely concocting assertions that are without factual support, the Adversary Defendant's attorney claims that there has been no multiplication of proceedings here, he has not engaged in any unreasonable or vexatious conduct and there has been no bad faith on his part to warrant sanctions against him under 28 U.S.C. § 1927. The Adversary Defendant's attorney also contends that the Adversary Plaintiffs' motion should be denied because their attorney is being paid on a contingent fee arrangement.

None of these self-serving assertions can circumvent the propriety of sanctions being entered against him under 28 U.S.C. § 1927.  First, the requirements delineated in 28 U.S.C. § 1927 and the cases decided thereunder demonstrate that sanctions should be entered against the Adversary Defendant's attorney. The Adversary Defendant's attorney does not controvert that he clearly disregarded this Court's orders and multiplied the times that the Adversary Plaintiffs' attorney had to come to court due to his non-compliance. The Adversary Defendant's attorney clearly pursued a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound. Thus, the Adversary Defendant's attorney unjustifiably delayed this case by failing to comply with orders that this Court entered even after this Court bent over backwards to allow to him to comport with those orders.

Moreover, there is no basis to the Adversary Defendant's attorney's contrived assertion that no excess costs exist here because the Adversary Plaintiffs' attorney purportedly has this case on a contingent fee basis. As demonstrated in the attached affidavit of Joel F. Handler, attorney for the Adversary Plaintiffs, he is being paid on an hourly basis in this matter and there is no contingent fee agreement in order to recover sanctions here.

Further, since sanctions are being sought, it makes no difference what Mr. Handler's fee arrangement is with the Adversary Plaintiffs since there is no case authority, contrary to what the Adversary Defendant's attorney proclaims in his response, that requires the Adversary Plaintiffs to have an hourly contractual arrangement with Mr. Handler as opposed to a contingent fee arrangement in order to recover sanctions here.

Thus, the Adversary Defendant's attorney's compilation of baseless arguments cannot overcome the propriety of the Adversary Plaintiffs' motion. It, therefore, follows that this Court should grant that motion and assess sanctions against the Adversary Defendant's attorney in the amount of $1,912.50.

    **I.    SANCTIONS SHOULD BE ENTERED AGAINST THE ADVERSARY DEFENDANT'S ATTORNEY SINCE HIS CONDUCT CREATED NEEDLESS COSTS AND ATTORNEY'S FEES AND CLEARLY CONSTITUTES VEXATIOUS AND UNREASONABLE CONDUCT WITHIN THE MEANING OF 28 U.S.C. § 1927**

In his response (pp. 4-6), the Adversary Defendant's attorney contends that the "claimed seminal case" on sanctions under 28 U.S.C. § 1927 is <u>Suslick v. Rothschild Securities Corp.</u>, 741 F.2d 1000 (7th Cir. 1984). The Adversary Defendant's attorney conveniently fails to advise this Court, however, that the decision in <u>Suslick</u> was overruled

3

in 1990 when the Seventh Circuit issued its opinion in *Short v. Belleville Shoe Manufacturing Company*, 908 F.2d 1385 (7th Cir. 1990).

This Court has, on various occasions, considered motions brought under 28 U.S.C. § 1927 and is quite familiar with the controlling rules of law governing such motions. In *in re Volpert*, 177 BR 81, 91 (N.D.Ill. 1995), this Court cited to the Seventh Circuit Court of Appeals' decision in *in re TCI Limited*, 769 F.2d 441, 446 (7th Cir. 1985) and held that when an attorney "recklessly creates needless costs, the other side is entitled to relief." This Court further held that sanctions under 28 U.S.C. § 1927 were appropriate where an attorney "has acted in an objectively unreasonable manner by engaging in a 'serious and steady disregard for the orderly process of justice'…or where a 'claim [is] without plausible factual or legal bases and lacking in justification' *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir. 1988).

Similarly, in *in re Kitchin*, 327 BR 337, 368 (N.D.Ill. 2005), this Court held that a party can recoup fees and costs when the opposing attorney acts in an objectively reasonable manner and with either subjective or objective bad faith. Further, in *in re Interstate Steel Setters, Inc.*, 65 BR 312, 316 (N.D.Ill. 1986), this Court held that objective bad faith exists when a lawyer fails to limit litigation to contentions well-grounded in fact and warranted by existing law or a good faith argument for the extension, modification or renewal of existing law and that subjected bad faith constitutes a situation where a lawyer pursues a claim because of the costs the suit will impose on the other side instead of the potential recovery on the claim.

Contrary to the Adversary Defendant's attorney's baseless assertions (Response, pp. 6-9), his conduct did multiply the proceedings here and was unreasonable and vexatious. While the Adversary Defendant's attorney has repeatedly tried to impress this Court with his representations as to the vast number of courts throughout this country that he has been admitted to practice, he clearly disregarded the requirements of the United States Bankruptcy Court for the Northern District of Illinois by filing a motion to vacate the order of default entered by this Court in person as opposed to doing so electronically. Moreover, even though this Court bent over backwards to assist the Adversary Defendant's attorney in comporting with the requirements of this Court, the Adversary Defendant's attorney snubbed his nose at this Court and did not adhere to the various orders that were entered. On April 6, 2015, this Court entered an order giving the Adversary Defendant's attorney until April 27, 2015 to file his amended motion to vacate and a proposed answer by that same date. When the parties appeared before this Court on May 11, 2015, the Adversary Defendant's attorney admitted that he did not comply with this Court's order of April 6, 2015 by filing an amended motion to vacate and the proposed answer. Since the Adversary Defendant's attorney could never accept responsibility for his own intentional violations of this Court's order, he attempted to blame Judge Black for his admitted failure to comport with this Court's order. To compound matters, the Adversary Defendant's attorney admitted that both the amended motion to vacate and the proposed answer were completed but he did not have copies of the documents to show to this Court.

This Court then graciously gave the Adversary Defendant's attorney another extension of time to May 12, 2015 to present those documents. Although the Adversary

5

Defendant's attorney advised this Court that these documents were completed, he did not present them to this Court on May 12, 2015. Instead, he came up with another lame excuse that his computer printed out the wrong document. After the Adversary Defendant's attorney made that ridiculous representation to this Court, this Court directed the Adversary Plaintiffs' attorney to file the instant motion pursuant to 28 U.S.C. § 1927.

Thus, the Adversary Defendant's attorney did multiply these proceedings by repeatedly disregarding and disobeying this Court's orders regarding the amended motion to vacate and proposed answer to the complaint. If the Adversary Defendant's attorney was so skilled and so well known throughout many jurisdictions in this country, surely he could have gone to another law firm and had someone who was skilled in the ECF filing requirements assist him in getting these documents properly on file.

Instead, he merely took his own sweet time and disregarded this Court's orders regarding the filing of the documents required by this Court. Thus, the assertions raised by the Adversary Defendant's attorney that he (i) is representing a cancer patient (Response p. 8), (ii) he is rendering services on a pro bono basis (Response, p. 8) and (iii) the Adversary Defendant had been examined on various occasions in the original proceeding in the Circuit Court of Cook County (Response, p. 7) cannot masquerade that the Adversary Defendant's attorney engaged in unreasonable and vexatious conduct that clearly constitutes a serious and steady disregard for the orderly process of justice. A reasonably careful attorney would have abided by this Court's various orders. Apparently, the Adversary Defendant's attorney thinks he is above the law followed by this Court. It, therefore, follows that the sanctions requested by the Adversary Plaintiffs in their motion should be granted.

6

The Adversary Defendant's attorney's claim that there have been no excess costs is without merit (Response, p. 10). Consistent with his posture that he has presented before this Court, the Adversary Defendant's attorney contends that the Adversary Plaintiffs' attorney is not being paid on an hourly rate and has this case on a contingent fee arrangement (Response, p. 10). The Adversary Defendant's attorney has the audacity to assert that the Adversary Plaintiffs' attorney had represented to the Circuit Court of Cook County that he is representing the Adversary Plaintiffs on a contingent fee basis but fails to produce any evidence, by transcript or by other document, that Adversary Plaintiffs' attorney has this matter on a contingent fee basis.

Such failure to produce such evidence by the Adversary Defendant's attorney is understandable since there is no evidence. As shown in the attached affidavit of Joel F. Handler, attorney for the Adversary Plaintiffs, he has never indicated to the Circuit Court of Cook County that he is representing the Adversary Plaintiffs on a contingent fee basis. Moreover, Mr. Handler's affidavit clearly shows that he is not representing the Adversary Plaintiffs here on a contingent fee basis. Rather, he is representing the Adversary Plaintiffs on an hourly basis in which he is charging the Adversary Plaintiffs $425.00 an hour.

Thus, the Adversary Defendant's attorney's contention is completely fabricated and confirms that sanctions should be entered against him for manufacturing contentions without any factual or legal support. It, therefore, follows that the Adversary Plaintiffs' motion should be grated and the requested sanctions should be entered against the Adversary Defendant's attorney.

7

## II.    CONCLUSION

None of the Adversary Defendant's attorney's baseless contentions can circumvent that sanctions should be entered against him for his inexcusable delay of the proceedings in this action. The Adversary Defendant's attorney's admitted failure to abide by this Court's various orders was not the fault of either the Clerk of the United States Bankruptcy Court for the Northern District of Illinois or Judge Black. Rather, it was due to the Adversary Defendant's attorney's own disregard of the rules of this Court and his own failure to comply with this Court's orders.

Moreover, his blatant misrepresentation as to the fee arrangement between the Adversary Plaintiffs and their attorney buttresses the award of sanctions against him. Perhaps the award of sanctions will force the Adversary Defendant's attorney to no longer think that he is above the law and will obligate him to follow the same rules that all attorneys who practice before this Court have to adhere.

It, therefore, follows that the Adversary Plaintiffs' motion should be granted and that sanctions should be entered against the Adversary Defendant's attorney pursuant to 28 U.S.C. § 1927.

    Respectfully submitted,

    s/Joel F. Handler
    JOEL F. HANDLER (#1115812)
    One E. Wacker Drive, Suite 500
    Chicago, Illinois 60601
    (312) 832-0008
    Attorney for the Adversary Plaintiffs,
    BROADWAY TIFFANY, LLC
    and TONY FAHAM